NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0260n.06

Nos. 25-3680/3681

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

June 10, 2026

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE NORTHERN DISTRICT OF |
| O'SHANE CHRISTOPHER SMITH, | ) ) | OHIO |
| Defendant-Appellant. | ) ) ) | **UNSEALED OPINION**[*] |
| | ) | |

Before: STRANCH, BUSH, and BLOOMEKATZ, Circuit Judges.

BLOOMEKATZ, Circuit Judge. In two cases stemming from a single arrest, O'Shane Christopher Smith pled guilty to illegal re-entry, conspiracy to distribute and possess with intent to distribute a controlled substance, and possession with intent to distribute a controlled substance. The district court sentenced Smith to an above-Guidelines term of 100 months' imprisonment. Smith contends that his sentence was substantively unreasonable because the district court placed excessive weight on disciplinary incident reports from his pre-sentencing detention and did not consider the need to avoid unwarranted sentencing disparities. Because the district court did not abuse its discretion in sentencing Smith, we affirm.

---

[*]On June 10, 2026, the court filed the opinion and judgment in these cases under a temporary seal and granted the parties 14 days to file motion(s) to redact privileged information. With no timely motions to redact having been filed as of July 7, 2026, the court unsealed the opinion and judgment bearing the original file date.

**BACKGROUND**

On January 20, 2023, officers with the Cuyahoga County Sheriff's Department executed a search warrant on a suspicious UPS package and discovered 5,323 grams of methamphetamine inside. Drug Enforcement Administration agents then conducted a controlled delivery of the package and witnessed Smith retrieve it. Ohio Highway Safety Patrol officers attempted to conduct a traffic stop on Smith's departing vehicle, but he accelerated to avoid them. After a car and foot chase, the officers arrested Smith. He admitted that he was paid $1,000 to retrieve and deliver the parcel and that he had illegally entered the United States a year prior.

A grand jury first indicted Smith for illegal re-entry, *see* 8 U.S.C. § 1326, and later for one count of conspiracy to distribute and possess with intent to distribute a controlled substance and one count of possession with intent to distribute a controlled substance, *see* 21 U.S.C. § 841(a)(1), (b)(1)(A). In both cases, and as to all counts, Smith pled guilty pursuant to written plea agreements.

The district court sentenced Smith for both cases together. It calculated Smith's offense level as 26 and his criminal history category as II, leading to a Guidelines range of 70 to 87 months' imprisonment. Neither Smith nor the government objected to the Guidelines range or to the presentence report. Smith asked for a sentence at the low end of the Guidelines range, and the government asked for a sentence at the high end of the range.

After considering the 18 U.S.C. § 3553(a) factors, the district court varied upward and sentenced Smith to 100 months' imprisonment on each count, to run concurrently. The district court explained that it was varying upward "[b]ecause of [Smith's] conduct while awaiting disposition of this case." Sent'g Tr., R. 37, PageID 309. Specifically, the PSR noted three disciplinary incidents that occurred while Smith was awaiting sentencing. First, Smith and two other inmates were involved in a physical altercation. Second, Smith was found with a homemade

weapon in his waistband. Third, Smith had a razorblade and 28 pills in his cell. Based on these undisputed facts in the PSR, the district court reasoned that "the possession of drugs, shanks, weapons, those types of conduct warrant[] a sanction." *Id.*

Smith timely appealed.

## ANALYSIS

Smith argues that his above-Guidelines sentence of 100-months' imprisonment is substantively unreasonable. We look to 18 U.S.C. § 3553(a) to determine whether the district court properly considered the relevant sentencing factors, *United States v. Robinson*, 778 F.3d 515, 519 (6th Cir. 2015), and whether the court "placed too much weight on some of the § 3553(a) factors and too little on others," *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). A sentence is substantively unreasonable if the defendant shows that the district court selected a sentence "arbitrarily," based the sentence on "impermissible factors," failed to consider relevant factors, or gave "an unreasonable amount of weight" to any factor. *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). But a district court may give certain factors more weight than others, as not all the factors "are important in every sentencing; often one or two prevail, while others pale." *United States v. Bridgewater*, 479 F.3d 439, 442 (6th Cir. 2007).

We review the district court's sentencing decision under an abuse of discretion standard, so we will not disturb Smith's sentence unless it was "based on an error of law or a clearly erroneous finding of fact," or we are "left with the definite and firm conviction that the district court committed a clear error of judgment." *United States v. Axline*, 93 F.4th 1002, 1007 (6th Cir. 2024) (quoting *United States v. Kumar*, 750 F.3d 563, 566 (6th Cir. 2014)). Smith's above-Guidelines sentence is neither presumptively reasonable nor presumptively unreasonable. *United States v. Robinson*, 813 F.3d 251, 264 (6th Cir. 2016). Instead, we evaluate whether the district

court provided a "sufficiently compelling" justification for this significant upward variance. *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).

Smith first challenges the district court's weighing of the § 3553(a) factors on the grounds that the court placed an unreasonable amount of weight on his pre-sentencing disciplinary incident reports. Our review of the sentencing transcript demonstrates that the district court discussed the § 3553(a) factors at length and sufficiently explained its decision to vary upward based on Smith's pre-sentencing disciplinary history. At the beginning of the hearing, the district court foreshadowed its concern about Smith's disciplinary history by noting that "two incident reports" related to Smith's "misconduct . . . while in custody" had a "direct bearing" on the appropriate sentence. Sent'g Tr., R. 37, PageID 294. The court then heard arguments from the parties and ultimately concluded that Smith's explanation for these incidents was unconvincing. *Id.* at PageID 299–300, 304, 307. After canvassing the § 3553(a) factors, the district court concluded that Smith had a "pattern here of not complying while in custody which warrants additional time." *Id.* at PageID 308.

The district court's emphasis on Smith's pretrial conduct as the basis for an upward variance does not make the sentence substantively unreasonable. We have explained that "pretrial conduct is an appropriate consideration under § 3553(a) because it is relevant to the history and characteristics of the defendant, and to the need for the sentence to promote respect for the law." *United States v. Mitchell*, 107 F.4th 534, 541 (6th Cir. 2024) (citation modified). And the district court did not abuse its discretion by emphasizing Smith's pretrial conduct over other factors. After all, weighing the § 3553(a) factors "is a matter of reasoned discretion, not math," *Rayyan*, 885 F.3d at 442, and the court may, in its discretion, put greater emphasis on certain

factors as long as it adequately considers and weighs all of the relevant factors, *see United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012). Here, the district court's detailed explanation of its sentencing decision assures us that it considered all the relevant information in light of the § 3553(a) factors and "fashioned a sentence that reflected those factors." *United States v. Young*, 847 F.3d 328, 372 (6th Cir. 2017).

On appeal, Smith contends that the razor blade was from his shaving kit and the pills were prescribed to him, so the district court placed an unreasonable amount of weight on the incident reports. But Smith did not present those factual allegations to the court at sentencing. Nor did he object to the PSR, and the district court "may accept any undisputed portion of the presentence report as a finding of fact," so the court did not abuse its discretion by relying on the incident reports and the uncontested description of the incidents in the PSR. Fed. R. Crim. P. 32(i)(3)(A). And Smith did not clarify the facts of the incident at sentencing, even though the district court explained that the incident had a "direct bearing" on the sentence. Sent'g Tr., R. 37, PageID 294. Smith's disciplinary history may have been weighed differently if counsel had made additional arguments at sentencing, but he does not establish that the district court abused its discretion in weighing the § 3553(a) factors based on the record and arguments it had available to it at the time of sentencing.

Next, Smith contends that the district court failed to consider the need to avoid unwarranted sentence disparities. District courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). This § 3553(a) factor is concerned with national disparities between similarly-situated defendants. *Conatser*, 514 F.3d at 521. Smith claims that the district court gave no weight to the need to prevent unwarranted sentencing disparities, but the record

reflects that the court instead concluded that a disparity between Smith and the national average was warranted. The district court acknowledged that the average length of imprisonment for an offense level of 26 and criminal history category of II was 45 months, but it determined that Smith's "two separate convictions" set his case apart from that of other defendants. Sent'g Tr., R. 37, PageID 306. The court went on to explain that a higher sentence was necessary because Smith entered the country illegally twice and on both occasions was "involved with drug trafficking activity, most importantly, drugs that are highly addictive." *Id.* at PageID 306–07. Deciding "which disparities are unwarranted" was within the district court's discretion. *United States v. Hymes*, 19 F.4th 928, 935 (6th Cir. 2021). And the court evaluated the other § 3553(a) factors at length. On this record, we cannot say that we are "left with the definite and firm conviction that the district court committed a clear error of judgment." *Axline*, 93 F.4th at 1007.

Thus, Smith fails to show that the district court imposed a substantively unreasonable sentence.

## CONCLUSION

We affirm.